

FILED

2017 MAR 28 AM 11:25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIL DYER,

    Plaintiff,

vs.

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
SUCCESSOR-IN-INTEREST TO JP
MORGAN CHASE BANK, NATIONAL
ASSOCIATION F/N/A JP MORGAN
CHASE BANK, AS TRUSTEE FOR
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC., BEAR STERNS
ALT-A TRUST, MORTGAMGE PASS-
THROUGH CERTIFICATES SERIES
2004-5,

    Defendant.
_____/

Case No. 5:17-cv-130-OC-30PRL

VERIFIED COMPLAINT FOR
WRONGFUL FORECLOSURE,
TEMPORARY RESTRAINING
ORDER, DECLARATORY
JUDGMENT AND PRELIMINARY
AND PERMANENT INJUNCTIVE
RELIEF

JURY TRIAL
REQUESTED

## VERIFIED COMPLAINT

PLAINTIFF NEIL DYER, Pro Se ("Plaintiff"), for himself and himself alone, respectfully requests this Court to issue a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief and Damages for Wrongful Foreclosure. In support thereof, Plaintiff represents to the Court as follows:

### PRELIMINARY STATEMENT

1.     NEIL DYER ("Plaintiff") is the owner in fee simple of that certain real property, commonly known as 11243 Preston Cove Road, Clermont, Florida 34711 and legal

description – **Lot 90 Preston Cove, according to the plat thereof as recorded in Plat Book 34, Pages 34-36, of the Public Records of Lake County, Florida** ("the subject property").

2. On March 28, 2003, Plaintiff executed a promissory note, secured by a mortgage instrument in favor of HOMEBANC MORTGAGE CORPORATION ("Homebanc").

3. On April 23, 2008, Homebanc assigned the original note and mortgage instrument to EMC MORTGAGE CORPORATION ("EMC").

4. On May 20, 2009, EMC assigned its interests to THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS SUCCESSOR-IN-INTEREST TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION F/K/A JP MORGAN CHASE BANK, AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STERNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-5.

5. On October 17, 2013, Defendant commenced a civil action, to foreclose on the aforementioned note and mortgage instrument in connection with the subject property in Circuit Court of the Fifth Judicial District for Lake County, Florida under Case No. 13CA2850 ("the State court action"). On February 9, 2017, the Court in the State court action issued an Order that the subject property be sold at a Foreclosure Sale on Thursday, March 30, 2017, at 11:00 a.m.

6. This is a civil action whereby Plaintiff prays for a temporary restraining order, declaratory judgment, damages, and injunctive relief enjoining Defendant, its agents, servants, employees and those acting in concert with actual notice thereof from any further acts or

conduct in furtherance of the State court action. Plaintiff also requests actual damages, costs, and attorneys fees incurred.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds $75,000.00, as the litigation centers around the ownership and possession of the subject property valued in excess of $350,000.00.

8. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1311, because this is a civil action "arising under the Constitution, laws or treaties of the United States. Further, Defendant, by way of the State court action, at the time of this filing, are conducting a wrongful and unlawful judicial foreclosure against Plaintiff, in violation of his rights to Due Process under the Constitution of the United States.

9. Through this civil action, Plaintiff seeks to invoke his rights to due process of law and property rights, which have been ignored and trampled over in the State court action. Plaintiff declares his rights, *inter alia,* because Defendant has no established beneficial interests in the subject property. Further, Defendant did not establish a position as the true and lawful creditor and/or holder in due course through the action of their trustee as required by the Uniform Commercial Code (U.C.C) § 3-302.

10. Plaintiff has the substantial right to recover both the genuine original mortgage instrument and genuine and original Promissory Note if Defendant is allowed to wrongfully and unlawfully foreclose on Plaintiff's real property. In fact, Defendant in the State court action must present both of these documents to Plaintiff at the time of the commencement of foreclosure proceedings against Plaintiff's real property. Accordingly, Defendant is barred from continuing with the State court action against Plaintiff until it presents to Plaintiff and

this Court both the genuine original mortgage document and the genuine original Promissory Note.

11. Further, Defendant, as trustee, must state on and for the record of this Court under penalty of perjury that it is the true creditor and holder in due course in the judicial foreclosure action commenced against Plaintiff to divest him of his lawfully-owned real property.

12. This Court has jurisdiction over Plaintiff's prayer for preliminary and permanent injunctive relief and damages under F.R.C.P. 65(a), and over Plaintiff's prayer for declaratory relief under Title 28 U.S.C. § 2201. Further, this Court has jurisdiction over Plaintiff's payer for an award attorneys fees pursuant to Title 42 U.S.C. § 1988.

. 13. Venue is proper under 28 U.S.C. § 1391 in the Middle District of Florida because this claim arose therein. Each and all of the acts alleged herein were done by the Defendant.

## THE PARTIES

### PLAINTIFF

14. Plaintiff Neil Dyer is a citizen of the United States and was, at all times relevant to this complaint, a resident of Lake County, Florida.

### DEFENDANT

15. Defendant The Bank Of New York Mellon, F/K/A The Bank Of New York, As Successor-In-Interest To JP Morgan Chase Bank, National Association F/N/A JP Morgan Chase Bank, As Trustee For Structured Asset Mortgage Investments II Inc., Bear Sterns Alt-A Trust, Mortgage Pass-Through Certificates Series 2004-5 ("Bank NY") is s federally

chartered financial institution and was at all times relevant to this complaint, an entity located in Lewisville, Texas.

## SUMMARY OF FACTS

16. On October 17, 2013, Defendant filed a judicial foreclosure action against Plaintiff NEIL DYER ("Plaintiff") in connection with the subject property in Circuit Court of the Fifth Judicial District for Lake County, Florida under Case No. 13CA2850 ("the State court action").

17. Defendant is sued in this action and designated in the State court action as The Bank Of New York Mellon, F/K/A The Bank Of New York, As Successor-In-Interest To JP Morgan Chase Bank, National Association F/N/A JP Morgan Chase Bank, As Trustee For Structured Asset Mortgage Investments II Inc., Bear Sterns Alt-A Trust, Mortgage Pass-Through Certificates Series 2004-5 ("Bank NY").

18. Bank NY filed the State court action without standing to sue and commence a foreclosure action against Plaintiff, as it did not have a beneficial interest in the subject property.

19. The original note and mortgage, executed by Plaintiff on March 28, 2003, named Homebanc Mortgage Corporation as lender and mortgagee ("Homebanc").

20. On April 23, 2008, by a document entitled Assignment of Mortgage ("Assn. No. 1"), Homebanc purportedly conveyed its rights and interest in the original note and mortgage instrument to EMC Mortgage Corporation ("EMC").

21. On May 20, 2009, by a document entitled Assignment of Mortgage ("Assn. No. 2"), EMC purportedly conveyed its rights and interest in the original note and mortgage instrument to Defendant.

22. Assn. No. 2 bears a signature of Craig Davenport, as "Authorized Signer." Nowhere near the "Davenport signature" or anywhere on Assn. No. 2 is there an indication that Craig Davenport was an officer of or titled in any way or position with EMC.

23. At the time that Craig Davenport "signed" Assn. No. 2, he was neither employed by EMC nor acting in an official capacity for EMC.

24. At the time that Craig Davenport "signed" Assn. No. 2, he was not located at an EMC office or facility.

25. Craig Davenport "signed" Assn. No. 2 without knowledge of what was being assigned, what entity was making the assignment or to what entity the assignment was being made.

COUNT ONE

**Wrongful Foreclosure**

26. Plaintiff incorporates herein by reference all allegations made in Paragraphs 1 through 25, inclusive, as though set forth fully herein.

27. The beneficial interest related to the original note and mortgage instrument between Plaintiff and Homebanc was not transferred to Defendant. Assn. No. 2, which purported to convey such beneficial interest to Defendant, is void and without force and effect. Assn. No. 2 was "robo-signed."

28. The beneficial interest was not transferred to Defendant, because Assn. No. 2 was not properly and effectively executed by an EMC officer or employee with authority and knowledge of what was being assigned, the entity making the assignment and to what entity the assignment is being made.

29. Moreover, and separate and apart from Defendant not having a beneficial interest in the subject property, Assn. No. 2 does not make a transfer to a properly designated transferee. On Assn. No. 2, Bank NY is designated as trustee for Structured Asset Mortgage Investments II Inc., Bear Sterns Alt-A Trust, Mortgage Pass-Through Certificates Series 2004-5 ("Structured").

30. Assn. No. 2 is constructed in a way that vests the beneficial interest in Bank NY as trustee and not in Structured. Simply put, Bank NY is acting as trustee for an entity, which has no beneficial interest in the subject property. Therefore, Bank NY, on its own has no standing to bring an action against Plaintiff for foreclosure on the subject property.

31. Each and every act performed by Defendant to foreclose on the subject property, including filing and prosecuting the State court action, was wrongful, without basis in law, null and void and without force and effect.

32. The State court action and its processes denied Plaintiff a fair and impartial trial in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution

33. On February 9, 2017, the Court in the State court action ordered that the subject property be sold at a Foreclosure Sale, on Thursday, March 30, 2017, at 11:00 a.m.

7

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief.

1. An immediate hearing on Plaintiffs' Motion for Temporary Restraining Order, and, upon hearing, enter an Order restraining and enjoining the Foreclosure Sale of the subject property, which is set to take place on Thursday, March 30, 2017 at 11:00 a.m.

2. Enter a declaration that Plaintiff, not Defendant, is the rightful owner in fee simple of the subject property and that Plaintiff has exclusive right to possession of same.

3. Hold a jury trial to determine the nature and extent of the damages caused Plaintiff by Defendant.

4. Award an amount in damages to Plaintiff for Defendant denying his Constitutional and statutory rights.

5. Award Plaintiffs the reasonable costs and expenses of this action, including attorneys fees, if incurred, in accordance with 42 U.S.C. § 1988.

6. Grant such other and further relief as this Court shall seem just and equitable.

7. That this Court retain jurisdiction of this matter for the purpose of enforcing the Court's orders.

Dated: March 27, 2017                           Respectfully submitted,

                                                _____
                                                NEIL DYER, Pro Se
                                                11243 Preston Cove Road
                                                Clermont, Florida 34711
                                                407-973-7032

## VERIFICATION

      I, NEIL DYER, am the Plaintiff in the herein civil action, I am familiar with the facts and circumstances underlying the allegations in the herein complaint. I have read the foregoing complaint and I declare that the allegations therein are true based on my own personal knowledge.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 27, 2017

                                                                     _____
                                                                     NEIL DYER, Pro Se