# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

NEIL DYER,

    Plaintiff,

v.                                    Case No: 5:17-cv-130-Oc-30PRL

THE BANK OF NEW YORK MELLON,

    Defendant.

## ORDER OF DISMISSAL

THIS CAUSE is before the Court *sua sponte* upon review of the Complaint (Doc. 1) and Plaintiff's Motion for Temporary Restraining Order (Doc. 2). Having considered these filings, the Court concludes this action must be dismissed for lack of jurisdiction and because Plaintiff's action is otherwise barred.

## BACKGROUND

In October 2013, Defendant filed a foreclosure action against Plaintiff in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida (case no. 2013-CA-002850).[1] On August 18, 2015, the state trial court entered a Final Judgment of Foreclosure in favor of Defendant. On September 14, 2015, Plaintiff appealed the final judgment. In October, the action was stayed because Plaintiff filed bankruptcy, but the bankruptcy case was later dismissed. On April 1, 2016, the Florida Fifth District Court of Appeal *per curiam*

---

[1] The Court has reviewed the docket entries for the Florida foreclosure action in addition to the limited materials Plaintiff attached to the Complaint in this action.

affirmed the final judgment of foreclosure, and the mandate was entered April 15, 2016. *Dyer v. Bank of N.Y. Mellon*, 189 So. 3d 793 (Fla. Dist. Ct. App. 2016). The foreclosure sale is scheduled to occur March 30, 2017.

Plaintiff, appearing *pro se*, filed this action for wrongful foreclosure. (Doc. 1). Plaintiff alleges Defendant lacked standing to bring the Florida foreclosure action and that the foreclosure was "null and void and without force and effect." (Doc. 1). As relief, Plaintiff asks the Court to enjoin the foreclosure sale and declare that he—and not Defendant—is the rightful owner of the subject property and has the exclusive right to possession. Plaintiff also seeks compensatory damages.

## **DISCUSSION**

The Court lacks jurisdiction to entertain this action because of the *Rooker-Feldman* Doctrine. As the Eleventh Circuit has explained:

> Alone among the federal courts, only the Supreme Court may exercise appellate authority to reverse or modify a state-court judgment. Accordingly, under the *Rooker–Feldman* doctrine, federal district courts and courts of appeals lack jurisdiction to review the final judgment of a state court. However, in delineating the boundaries of *Rooker–Feldman*, the Supreme Court has clarified that the doctrine is narrow in scope, and only applies to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."
>
> *Rooker–Feldman* applies "both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." It does not apply if a party lacked a reasonable opportunity to raise his federal claim in state court. A claim filed in federal court is inextricably intertwined with a state court judgment if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues."

> The pendency of an action in state court precludes application of *Rooker–Feldman*. Thus, *Rooker–Feldman* does not apply if the federal action was commenced before the end of state proceedings. State proceedings end for *Rooker–Feldman* purposes in three scenarios:
>
>> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

*Cavero v. One W. Bank FSB*, 617 F. App'x 928, 929–30 (11th Cir. 2015) (internal citations omitted).

The Court concludes the *Rooker-Feldman* doctrine applies to this action. First, Plaintiff was the state-court loser in the foreclosure action. Second, Plaintiff is seeking damages arising out of the foreclosure judgment, in addition to seeking an injunction to prevent its enforcement. Third, Plaintiff commenced this action on March 28, 2017, after the foreclosure judgment became final because the Florida appellate court affirmed the judgment in April 2016.[2] Finally, Plaintiff's action is premised on this Court determining that the foreclosure judgment is null and void. As in *Cavero*, the Court concludes the *Rooker-Feldman* doctrine applies under these facts, and that the Court lacks jurisdiction to entertain Plaintiff's action.

---

[2] The Court notes that the Florida Supreme Court lacks jurisdiction to review *per curiam* affirmances, *Persaud v. State*, 838 So. 2d 529 (Fla. 2003), so the Florida appellate affirmance brought the state proceedings to an end under the first category discussed in *Cavero*. 617 F. App'x at 930 (citing *Nicholson v. Shafe,* 558 F.3d 1266, 1275 (11th Cir.2009)).

The Court also concludes that Plaintiff's request for injunction to prevent the foreclosure sale is barred by the Anti-Injunction Act. "Under the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) (quoting 28 U.S.C. § 2283). Plaintiff's request that this Court enter a temporary restraining order and preliminary/permanent injunction to prevent the foreclosure sale from occurring falls squarely within the bounds of the Anti-Injunction Act. Further, the Court concludes there is no applicable exception that would allow the Court to grant Plaintiff the relief he requests. *Id.* at 678–79.

Finally, the Court concludes Plaintiff's action is barred by *res judicata*. The Eleventh Circuit has affirmed dismissal of a wrongful foreclosure claims on this basis under nearly identical circumstances in *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015). Here, as in *Symonette*, the four elements required to establish *res judicata* under Florida law are satisfied for the following reasons: (1) Plaintiff's suit is for the same thing as the foreclosure suit, a determination of title to the property; (2) the causes of action are identical because the "facts essential to the maintenance of [the] federal action [were] identical to those facts which were essential to the maintenance of the prior state action," *id.*; (3) the parties are identical; and (4) both parties in the Florida foreclosure action "had the incentive to adequately litigate the claims in the same character or capacity" as they would in this action. *Id.* Accordingly, Plaintiff's claims are barred by *res judicata*.

Because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, and because Plaintiff's claims would be barred under the Anti-Injunction Act and by *res judicata*, the Court concludes Plaintiff's action must be dismissed with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This cause is dismissed with prejudice, each party to bear their own attorney's fees and costs.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of March, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record